VIVIAN INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. 21, OF LYMAN COUNTY, Respondent, v. BOYLES, Auditor, Appellant.

(229 N. W. 390.)

(File No. 7007. Opinion filed February 28, 1930.)

*J. W. Jackson,* of Kennebec, for Appellant.
*O'Keeffe & Stephens,* of Pierre, for Respondent.

CAMPBELL, J. Appellant has sought to appeal to this court from judgment entered against her below, and from an order of the trial judge denying her application for a new trial.

Respondent now moves to dismiss the appeal in so far as it purports to be an appeal from the order denying the motion for new trial for the reason that the trial court at the time of ruling upon said motion for new trial had no jurisdiction to entertain the same.

The decision of the court below, consisting of findings of fact and conclusions of law, was in favor of respondent and adverse to appellant. This decision was dated May 22, 1929, filed May 27, 1929, and written notice thereof served upon appellant's attorney on May 27, 1929. Appellant's attorney shortly thereafter advised respondent's attorneys by letter that he wished to appeal; that he observed that no judgment had been entered; that he trusted judgment would presently be entered, because, as he understood the law, no appeal from the judgment could be taken or would be effective prior to the entry thereof. About the same time appellant's attorney procured from the trial court an order staying proceedings pending appeal for a period of ninety days to enable appellant to take such action as might be necessary to perfect an appeal. By ex parte application to the trial judge appellant has continued to secure similar orders from time to time thus keeping alive (assuming the validity of the orders) a stay of proceedings and a continuation of the time within which to take and perfect an appeal.

Judgment pursuant to the decision of the learned trial judge was filed and docketed on July 18, 1929.

Appellant's counsel made no effort whatever to serve a notice of intention to move for new trial until November 5, 1929, when he sent such notice of intention, together with notice of motion for new trial, to respondent's attorneys requesting their admission of service. They returned to him all papers relating to the notice of intention, refusing to admit service thereon, and stating to him that such refusal on their part was because they believed the notice came too late, and that the time for serving the same as required by law had long since expired. They admitted service upon his notice of motion for new trial, but advised him fully of their attitude concerning the matter, and immediately made and entered a special appearance objecting to the jurisdiction of the court to entertain said motion for new trial on the ground that it had not been pre-

ceded by the service of a notice of intention in the manner and within the time required by law.

At the time the motion for new trial was to be brought on for hearing, respondent still standing upon its objection to the jurisdiction and not appearing otherwise, the learned trial judge continued the hearing on said motion, and, on application of appellant, issued an order requiring respondent to appear and show cause why a new time should not be fixed for the service of notice of intention. The fixing of such new time was duly resisted by respondent, but the trial court nevertheless made an order on December 9, 1929, granting appellant twenty days from and after that date wherein to serve notice of intention to move for new trial. Thereafter and within that period appellant served notice of intention to move for new trial, again served notice of hearing on her motion for new trial, and the same was brought on for hearing and an order entered denying the motion, being the order now sought to be appealed from. Respondent at all times preserved its objection to the court's jurisdiction.

The sole showing before the trial court upon which he granted appellant's application to fix a new time for service of notice of intention to move for a new trial was the affidavit of appellant's attorney, reciting in substance that he supposed that the stay orders secured from the trial court from time to time as hereinbefore set out were sufficient to extend his time to serve notice of intention to move for new trial, and also that he had never been served with notice of entry of judgment in the cause and did not suppose that it was necessary to serve any notice of intention to move for new trial until notice of entry of judgment had been served upon him.

█ █ Counsel's difficulty causing his present predicament seems to be that he has utterly failed to recognize the plain distinction made by our statutes between proceedings for appeal from a judgment and proceedings for a new trial. That such proceedings are entirely separate and distinct is too plain, it would seem, for argument. See Keyes v. Baskerville, 41 S. D. 214, 170 N. W. 143; Brown v. Brown, 49 S. D. 167, 206 N. W. 688. An appeal may perfectly well be taken, and frequently is, without any motion for new trial. Certainly a letter to opposing counsel stating an intention to appeal is by no means equivalent to notice of intention to move for new trial. To appeal and to move for new trial are

entirely separate and distinct procedures, and neither of them is a necessary concomitant of the other. It is equally plain that an order staying proceedings pending appeal and granting an extension of time to perfect an appeal has no necessary connection with a motion for a new trial, and surely does not extend the time wherein to serve notice of intention to move for new trial.

The statute with reference to time of serving notice of intention to move for a new trial (section 2557, R. C. 1919) is plain and distinct. Such notice must be served "within twenty days after the verdict of the jury if the action were tried by a jury, or after notice of the decision of the court if the action were tried without a jury." It is equally apparent that the "decision of the court" there referred to consists of the findings of fact and conclusions of law. See sections 2525, 2526, R. C. 1919; Muckler v. Smith, 51 S. D. 127, 212 N. W. 491. It is manifest under our statutes that the decision of the court is entirely distinct from the judgment which may subsequently be entered upon such decision. Proceedings for a new trial have to do, not at all with the judgment, but entirely with the decision of-fact questions, whether such decision is represented by the verdict of a jury or by the findings and conclusions of the court. A motion for new trial cannot be made prior to such fact decision. Muckler v. Smith, supra. But motion for new trial may perfectly well be made after the fact decision and before the entry of judgment. In such event, if the motion for new trial be granted, of course no judgment will be entered. If the motion for new trial thus made before judgment be denied and judgment be thereafter entered, the order denying the application for new trial need not be appealed from as such, but will come up for review on appeal from the judgment if such appeal is taken. Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874, and cases cited.

It is settled in this state that due and legal service of notice of intention to move for new trial within the time fixed by the statute after verdict or written notice of decision (or within proper extension or renewal of such time) is a jurisdictional requisite to enable the trial court to entertain a motion for new trial; and that, if jurisdiction to entertain the motion for new trial is lacking in the trial court, an appeal attempted to be taken from the order thereon entered, whether denying or granting, will be dismissed

on motion in this court. Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992, 995; First National Bank of St. Lawrence v. Wollman, 51 S. D. 257, 213 N. W. 15; Warren v. Lincoln (S. D.) 227 N. W. 442. Conceding that by virtue of section 2559, R. C. 1919, the time for serving notice of intention to move for new trial may be extended, or a new time therefor may be fixed, nevertheless such extension or renewal must be "upon good cause shown." Fuller v. Anderson, supra; Huntley v. Younginger, 53 S. D. 195, 220 N. W. 530, and cases cited.

 In this case there is no room for assuming that the learned trial judge may have had any better cause for fixing the new time for service of notice of intention than the record before us indicates. The record contains the showing made by appellant when he applied for this fixing of a new time, and the order of the trial court fixing a new time recites the facts upon which it is based, which are identical with the recitals of appellant's showing upon which he sought the order. Appellant's excuse for not serving the notice of intention within the time required by statute and his sole reason for asking a new time to be fixed for that purpose is, in substance, as we have previously mentioned, first, that he supposed a stay of proceedings to perfect an appeal extended his time to serve notice of intention to move for new trial; and, second, that he did not suppose any extension thereof was necessary because he did not suppose he was obliged to serve a notice of intention until he was served with a notice of entry of judgment. In the final analysis this merely amounts to saying that appellant's counsel, as a lawyer practicing in the courts of this state, had not taken pains to inform himself of the plain law of this state as set forth in the statutes and emphasized in the decisions. We fear that such a showing cannot be held to constitute "good cause" within the meaning of section 2559, R. C. 1919.

We think the trial judge abused his discretion in entering the order of December 9 fixing a new time to serve notice of intention, and therefore that there was no valid service of notice of intention prior to motion for new trial. The trial judge therefore lacked jurisdiction to entertain said motion, the order entered thereon is a nullity, and so much of this appeal as is from the order denying said motion for new trial must be dismissed upon the authority of the cases hereinbefore cited.

Respondent's motion should therefore be granted, and it will be so ordered.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.