MATHEWS ET AL. *v.* HIGHLANDS, EXECUTOR ET AL.

[No. 15,303. Filed March 23, 1937.]

Bowers, Feightner & Bowers, for appellants.

Burr Glenn and Garl Bonewitz, for appellees.

LAYMON, J.—This is an appeal from a judgment of the Huntington Circuit Court upholding the validity and the probate of the last will and testament of John W. Mathews.

Appellants filed their complaint in two paragraphs, to which the appellees filed separate answers in general denial. The cause was submitted to the court without the intervention of a jury, resulting in a finding and judgment by the court that appellants take nothing by this action; that appellees recover their costs; and that the said will was a valid will, duly executed, and the probate thereof ratified and confirmed. Thereafter, and within the time allowed by law, appellants filed their motion for a new trial, which motion was overruled. This appeal was then prayed and perfected. The only error assigned in the appeal is the overruling of the motion for a new trail. The motion for a new trial,

omitting the formal parts and signatures thereto, is as follows: "(1) That the verdict is not sustained by sufficient evidence. (2) That the verdict is contrary to law."

At the very inception of the consideration of this appeal upon its merits, we are confronted with the contention of appellees' counsel that no question is presented for review on appeal, due to the fact that appellants' motion does not assign any one of the statutory causes for a new trial. Appellees point out that this cause was tried by the court without the intervention of a jury and that the motion for a new trial employs the word "verdict," which word has reference to the finding of a jury and has no reference to the finding made by the court.

The statutory cause for a new trial to which appellants evidently intend to appeal is the sixth subdivision of §2-2401 Burns 1933, §368 Baldwin's 1934, which subdivision reads as follows: "Sixth. That the verdict or decision is not sustained by sufficient evidence, or is contrary to law."

In the case of *Amacher* v. *Johnson* (1910), 174 Ind. 249, 253, 91 N. E. 928, the court said: "The Constitution of the State does not grant to anyone the right either to a new trial or to an appeal to this court or any other court. Such a right depends upon the provisions of the statutes, and a new trial can be granted or an appeal taken only when authorized by statute, and then only in the manner, upon the conditions, and for the reasons named in the statute." (Citing numerous authorities.)

Appellants insist that "It is not an iron clad rule that the exact words given and the exact form in the sixth cause for a new trial in the statute, be used to lawfully challenge the finding, decision or verdict of the court or jury trying the cause submitted in the issues before the court" and "The term 'verdict,' though ordinarily used to designate the finding, decision or conclusion of a jury

on matters of fact tendered in an issue in a cause in court, is not necessarily limited to such finding of a jury, but may be applied to a finding, decision or conclusion of a court on issues of fact submitted to the court for determination, without the intervention of a jury. The term is derived from the Latin words which mean a 'true saying.' "

In determining this question it is not our purpose to be technical, nor is it our purpose to give to the word employed a restricted meaning. Upon the other hand, however, we are not permitted to give the term used a broader meaning than that intended by law.

The terms "verdict" or "decision," as used in the statute, have reference to the finding upon the facts, the term "verdict" signifying the finding by the jury, and the term "decision" the finding by the court. *Lowrance* v. *Lowrance* (1932), 95 Ind. App. 345, 182 N. E. 273; *Evansville & Richmond R. R. Co.* v. *Maddux* (1893), 134 Ind. 571, 33 N. E. 345.

"The word 'verdict' has a well-defined signification in law. It means the decision of a jury, and it never means the decision of a court or a referee or a commissioner. In common language, the word 'verdict' is sometimes used in a more extended sense, but in law it is always used to mean the decision of a jury; and we must suppose that the legislature intended to use the word as it is used in law. *Kerner* v. *Petigo*, 25 Kans. 656." Black's Law Dictionary, 2nd Ed., p. 1202.

Appellants cite a number of cases in which the courts have held that the term "decision" in the statute necessarily embraces a general finding when the case is tried by the court; that the term "decision," as used in the statute, also includes a special finding; and that the words "decision" and "finding" are synonymous. These cases, however, are of little aid in determining the question now before us. Appellants cite no decisions of

the Supreme or Appellate Courts of this state, nor are we able to find any which hold that the words "verdict" and "decision" are synonymous and have similar meanings or may be used interchangeably in assigning the statutory causes in a motion for a new trial.

In the case of *Gates* v. *Baltimore, etc., R. Co.* (1899), 154 Ind. 338, 342, 56 N. E. 722, the court said: "It was assigned, as we previously stated, in the motion for a new trial, that the judgment of the court was contrary to law and not sustained by the evidence, and that the decision of the court was not sustained by sufficient evidence, and was contrary to law. This case was tried by a jury, and a special verdict returned. It is evident, then, that neither of the above mentioned reasons is, under the circumstances, authorized by the statute. The word 'decision,' as employed by the section of the code above cited, means the finding of the court upon the facts where the cause is tried by the court, and has no application where the trial is by jury. *Wilson* v. *Vance,* 55 Ind. 394; *Christy* v. *Smith,* 80 Ind. 573."

In determining the meaning of the words "verdict" and "decision," as used in the statute here in question, we cannot be governed by their derivatives but are confined to their meaning in law. Our statute does not use the word "verdict" in referring to the finding of facts or decision by the court, but employs it to express the report of the jury on the evidence submitted to them and denotes a result reached by a process of statutory procedure wholly different from a decision or a finding by the court.

When the cause is tried with the intervention of a jury, if the word "decision" in the statute cannot be employed in lieu of the word "verdict," in assigning the statutory grounds for a motion for a new trial, it would logically follow that the words "decision" and "verdict" are not synonymous or interchangeable and that the

word "verdict" could not be substituted for the word "decision" in assigning the statutory causes in a motion for a new trial when the cause is tried before the court without the intervention of a jury.

Under the foregoing authorities we are constrained to hold that appellants' motion for a new trial did not challenge the correctness of the court's finding or decision and, therefore, presented no question to the trial court. The motion was correctly overruled.

Judgment affirmed.