VOIGT, ADMINISTRATOR, ET AL. *v.* LUDLOW TYPOGRAPH COMPANY.

[No. 26,991.  Filed February 1, 1938.]

Owen Voigt, Walter Prentice, and Emmet C. Mitchell, for appellants.

Tucker & Tucker, for appellee.

FANSLER, J.—Appellee sold certain printing equipment to appellant Wenige, and, for the purchase price, took notes and chattel mortgages upon the equipment sold to secure the notes. George H. Voigt, who had sold the original printing plant to appellant Wenige, procured a judgment against Wenige, and the machinery covered by appellee's chattel mortgage was sold to him on execution. Appellee brought suit against Wenige upon its notes and to foreclose the chattel mortgages, and made Voigt a party to answer as to his interests. There was judgment for appellee foreclosing its mortgages. Mr. Voigt, by various answers, questioned the sufficiency and validity of the mortgages, and his administrator, who has been substituted, by proper assignment, questions the adverse ruling of the court below upon the questions presented. The first contention is identical with that disposed of in *Voigt, Adm'r. et al.* v. *Mergenthaler Linotype Co.*, *ante* 325, decided today.

The certificates upon the mortgages in question, as they appear upon the instruments, are as follows:

"State of Indiana ⎫ SS.
"County of Clark ⎭

"On the 30th day of November, A. D. 1926, before me, a notary public, personally appeared Her-

mann A. Wenige to me known and known to me to be the person described in and who executed the foregoing chattel mortgage, and he acknowledged to me that he executed the same as his free act and deed, for the purposes and considerations therein expressed."

"State of Indiana ⎰
"County of Clark ⎱ SS.

"On the 19th day of December, A. D. 1928, before me, a notary public, personally appeared H. W. Wenige, to be known and known to be the person described in and who executed the foregoing chattel mortgage, and being informed of the contents of said mortgage, he acknowledged to me that he executed the same as his free act and deed, and for the purposes and considerations therein expressed."

The certificate on the mortgage executed on the 30th day of November, 1926, as it appears in the mortgage record, is as follows:

"State of Indiana ⎰
"County of Clark ⎱ SS.

"On the 30th day of November, 1926, before me, a Notary Public appeared Herman A. Wenige, to me well known and known to me to be the person described in and who executed as his free act and deed, for the purposes and conditions thereon expressed."

It is contended that Mr. Voigt was bound to take notice only of the certificate as recorded, and that it is not a valid certificate; that it is not substantially in the form provided by section 56-129 Burns Ann. St. 1933, section 14681 Baldwin's Ind. St. 1934. No authority is cited to support the contention. We believe the certificate, as shown by the record, is sufficient. It shows that the mortgagor was known to the notary to be the person who executed the instrument as his free act and deed for the purpose of mortgaging the property. Surely it is sufficient for the purposes of the statute, which requires the recording of chattel mortgages in order to prevent frauds. It shows that the mortgagor appeared before a notary, and no

other conclusion can be drawn than that it was his purpose and intention to acknowledge the execution of the mortgage. It appears that Mr. Voigt had actual knowledge of the mortgage, and the sufficiency of the acknowledgment as it actually appeared upon the mortgage itself is not questioned. It is another case of careless and inaccurate recording. See opinion, *Voigt, Adm'r, et al.* v. *Mergenthaler Linotype Co., supra.*

In one paragraph of answer it is alleged, and it was proven, that Voigt purchased the mortgaged property at a sale of the personal property of Wenige to satisfy delinquent taxes. The sale and levy were subsequent to the execution and recording of the chattel mortgages. Taxes are not a lien upon personal property. They are the personal obligation of the taxpayer, and become a lien only when the property is levied upon. The lien created by the levy is like the lien created by a levy upon execution. It is junior and inferior to prior existing liens. By purchasing at the tax sale, Voigt took only such title to the property as Wenige had at the time of the levy, and took it subject to liens that were valid as against Wenige. It is noted that the court in its special findings found that Wenige owed no delinquent taxes at the time of the levy and sale.

It is also contended that the mortgages are invalid because the property mortgaged is not described. The instruments recite that the grantor mortgages "the goods and chattels described in the 'Schedule of Property' hereto attached marked 'Exhibit A' and made a part hereof and located in the City of Jeffersonville, County of Clark, State of Indiana." A schedule describing the property in question was attached, was delivered for record with the mortgages, and was recorded. It is contended that this schedule was not a part of the mortgage, apparently upon the

ground that it appeared after the acknowledgment of the notary. The acknowledgment need not be at the end of a mortgage, nor do we know of any rule that requires the signature of the mortgagor to be at the end. Section 56-130 Burns Ann. St. 1933, §14683 Baldwin's 1934, requires that a certificate of acknowledgment shall be written on or attached to the instrument.

It appears that appellee executed bills of sale for the mortgaged property to appellant Wenige contemporaneously with the execution of the mortgages. It is contended that where a bill of sale and a chattel mortgage are executed simultaneously, or substantially so, they must be construed together, and that "an instrument executed concurrently with a bill of sale is without legal effect, being an ineffectual attempt to evade the law, and it stands precisely as if no such instrument had been executed." But how there was an evasion of the law is not pointed out. Appellee, a manufacturer of typographical equipment, had a perfect right to sell its equipment to Wenige and execute bills of sale therefor, and take Wenige's notes for all or a part of the purchase price, and take chattel mortgages upon the property to secure the notes.

Judgment affirmed.