[Civ. No. 14780. Second Dist., Div. Two. May 2, 1945.]

CLAUDE H. SMITH, SR. et al., Respondents, v. HARRY J. McKINSTRY et al., Appellants.

Joseph Lynn and DeForrest Home for Appellants.

William Bronsten for Respondents.

WOOD (W. J.), J.—Defendants have appealed from a judgment in favor of plaintiffs in the sum of $2,950, damages awarded by the court for false representations made by defendants in the exchange of real properties owned by the respective parties. Plaintiffs were the owners of residential rental property in Hawthorne, Los Angeles County. On October 27, 1942, they entered into an agreement with defendants for the exchange of this property for a ranch located in the State of Washington which had been owned by defendants for about ten years. The agreement was consummated and the parties took possession of their newly acquired properties on or about November 5, 1942. Plaintiffs alleged in their complaint that defendants represented to them that there were two springs on the Washington ranch and that there was ample water supply for stock and household use but that after taking possession of the ranch they discovered that the representations were false.

Findings of fact were waived at the trial, which consumed three days. Defendants now contend that the evidence is insufficient to justify a judgment against them. From the reporter's transcript it appears that after all of the evidence was received and counsel had argued the court discussed the various issues at some length and gave reasons for the conclusions it had reached. After the explanation by the court counsel for defendants expressly waived findings. But counsel now seeks to attack the judgment by making reference to the oral statement made by the court at the close of the argument.

█ The opinion of the trial court cannot be used as a substitute for findings of fact. "To hold that oral or written opinions or expressions of judges of trial courts may be resorted to to overturn judgments would be to open the door to mischievous and vexatious practices. Neither a juror nor a judge is permitted to impeach his verdict or judgment." (*DeCou* v. *Howell*, 190 Cal. 741, 751 [214 P. 444].)

█ Since findings were waived every intendment is in favor of the judgment and it must be presumed that the court found all the facts necessary to support the judgment. (*Haime* v. *DeBeaulieu*, 20 Cal.2d 849 [129 P.2d 345].) █ The complaint states facts sufficient to constitute a cause of action and to serve as a basis for the judgment. If we need to look to the evidence to determine whether it is sufficient to support the judgment (see *Bekins Van Lines, Inc.* v. *Johnson*, 21 Cal.2d

135, 137 [130 P.2d 421]; *Antonelle* v. *New City Hall Comsioners*, 92 Cal. 228 [28 P. 270]; *Haime* v. *DeBeaulieu, supra*), we have only to refer to the statements of plaintiff Claude Smith, who testified concerning the failure of the water supply and concerning the actions of defendants in preventing a proper inspection of the property before the exchange.

The purported appeal from the order denying the motion for a new trial is dismissed. The judgment is affirmed.

Moore, P. J., concurred.

McCOMB, J.—I concur in the judgment but do not concur in the implication in the opinion that after findings of fact have been waived the sufficiency of the evidence to support the implied findings can be questioned on appeal. The rule is clearly established in California by a long line of authorities that where findings of fact are waived it is *conclusively* presumed that every fact essential to the support of the judgment was proved and found by the court. (*Bekins Van Lines, Inc.* v. *Johnson*, 21 Cal.2d 135, 136 et seq. [130 P.2d 421].)