PICKLESIMER *v.* HELTZEL, GUARDIAN OF EARL M. WHITE.

[No. 19,519.   Filed February 14, 1962.]

*Floyd F. Cook,* and *Cook, Cook, Bayliff & Mahoney,* of Kokomo, for appellant.

*Joseph A. Noel, Richard P. Good, Jr.* and *Jump, Noel, Lacey & Angel,* all of Kokomo, for appellee.

COOPER, J.—This matter comes to us from the Tipton Circuit Court from an action in two paragraphs brought by the appellee against the appellant herein

for ejectment and to quiet title in a tract of land located in Howard County, Indiana.

It appears that after the issues were closed the cause was submitted to a jury who returned a verdict for the appellee, which omitting the formal caption and signatures thereof, reads as follows:

"We, the Jury, find for the Plaintiff, Paul Heltzel, Guardian of Earl White, and against the Defendant, David A. Picklesimer, on Paragraph I of the complaint and assess damages against the Defendant in the sum of $——0——. Arthur W. Berger, Foreman. We, the Jury, find for the Plaintiff, Paul Heltzel, Guardian of Earl M. White, and against the defendant, David A. Picklesimer, on Paragraph II of the complaint. Arthur W. Berger, Foreman."

Thereafter, the jury was discharged and the trial court, upon motion of the plaintiff below, made the following order book entry:

"On motion of the plaintiff, judgment rendered upon the verdict of the jury. Judgment on the verdict. Costs taxed to the defendant."

The question immediately arises, is the foregoing entry a final appealable judgment?

A judgment has been defined by our Supreme Court as, "The decision of a controversy by a court between parties who do not agree". See *Cooper et al.* v. *Metzger* (1881), 74 Ind. 544.

It is the law that the judgment usually follows the findings or verdicts in a jury trial; the verdict of the trial jury in this cause is general and constitutes the finding of the jury under the pleadings, evidence and instructions.

As our Supreme Court stated in the case of *Heekin Can Co.* v. *Porter* (1943), 221 Ind. 69, 73, 46 N. E. 2d 486:

"We recognize the fact that in legal terminology 'verdict' and 'decision' have come to have very definite meanings, the first, the finding of the jury, and the second, the finding of the court. Each, however, denotes the finding on the facts."

We find under §2-2517, Burns', 1946 Repl., the following provision relating to the entry of a judgment and what it shall specify:

"The judgment must be entered on the order-book, specify clearly the relief granted or other determination of the action."
It is apparent that the foregoing judgment does not, in any respect, comply with the requirements of the foregoing statute.

We find under Rule 2-3 of the Supreme Court, the following provision:

". . . No appeal will be dismissed of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."

By reason of what we have heretofore set out, this cause is remanded to the Circuit Court of Tipton County, with instructions to enter proper judgment in said cause.

Ax, J., Myers, J., Ryan, C. J., concur.

NOTE.—Reported in 180 N. E. 2d 132.