BUNNELL, Respondent v. KINDT, Appellant

(159 N.W.2d 923)

(File No. 10455. Opinion filed June 25, 1968)

**Maule, Day & Maule,** Winner, for defendant and appellant.

**Johnson & Johnson,** Gregory, for plaintiff and respondent.

RENTTO, Judge.

The contractor building the Rosebud School Project at Mission, South Dakota, for the Bureau of Indian Affairs, subcontracted the excavation and dirt-moving portions of it to the parties to this action. The project involved the building of several large structures and 50 houses. While only the defendant is named as a party in the subcontract, he and the plaintiff had orally agreed that both of them would do the work required thereunder. The subcontract which was in writing described

the dirt work to be done and provided that the compensation therefor would be paid to the defendant. It did not prescribe how such work was to be divided between these parties.

In seeking the subcontract the parties bid the dirt excavation at 50 cents a cubic yard, the rock excavation at $1.00 a yard, and grade beam and crawl space excavation at 35 cents a yard. These were accepted by the prime contractor. Plaintiff's specialty was the excavation of house basements for which his equipment was especially adapted. The defendant was a general dirt-moving contractor. His equipment for the most part was bulky and adapted to moving large amounts of dirt quickly. They agreed that plaintiff would excavate the house basements and defendant would prepare the site and excavate for the larger buildings. Apparently they were to be compensated for this work at the rates appearing in the subcontract.

It was also their understanding that each would assist the other with his portion of the work as needed and called on. After plaintiff had completed the excavation of several house basements the defendant asked him to fine grade basement excavations for the larger buildings because this could not be done with defendant's equipment. It consisted of leveling the floor at grade and straightening the sidewalls and ends of these larger excavations. Defendant in turn assisted plaintiff in his excavation of house basements. Plaintiff complains that in thus helping each other he was burdened with the more time-consuming fine grading which produced little yardage, while the defendant in excavating only the top part of the house basements for him did work that resulted in large yardage rather readily.

Plaintiff's version was that there was no agreement between the parties as to the rate at which they would be compensated for the work performed in helping each other. He claims that he is entitled to the reasonable value of the work he did in helping defendant which he testified was $1.00 a yard. On the other hand defendant claims that it was only dirt removal for which he was to get 50 cents a yard, the figure at which they bid the job. While this was the main source of their dis-

agreement they also differed as to the amounts of excavation done by the plaintiff for which he was to receive the subcontract rates. In this litigation plaintiff demanded judgment for $4,962.61. Defendant denied the claim of plaintiff and by his counterclaim asked judgment for $80.49 against plaintiff.

The trial of this matter to the court without a jury required two days. In its memorandum decision, which did not purport to find any facts, the trial court indicated that plaintiff was entitled to $4,850 for the work he did on the project and gave defendant credit for $3,433.71, already paid to the plaintiff, leaving a balance of $1,416.29. After being so advised of the trial court's views the parties, by consent in writing, waived findings of fact and conclusions of law as authorized by RCP 52(b). Judgment for the stated balance was entered on February 14, 1967 without any findings or conclusions. From this the defendant appeals.

He urges here the insufficiency of the evidence to justify the decision of the court. On appeal from a judgment insufficiency of the evidence may be reviewed if it was called to the attention of the trial court by motion for a directed verdict, request for findings, or other apt motion, offer, objection, or exception without necessity for an application for new trial. SDC 1960 Supp. 33.0710. In re Appeals of Bottcher, 78 S.D. 360, 102 N.W.2d 623, a case in which findings were waived and in which no application for a new trial was made, we held that the sufficiency of the evidence could not be reviewed because it had not been called to the attention of the trial court by any of the methods provided.

In this case the insufficiency of the evidence was not called to the attention of the trial court before entry of judgment. However, defendant after judgment made a motion for a new trial on the ground that the evidence was insufficient to justify the decision of the court. Under RCP 59(6) one of the causes for granting a new trial is "Insufficiency of the evidence to justify the verdict or other decision or that it is against law". If the sufficiency of the evidence in this case is presented for review it is by reason of this motion.

■ ■ The terms "verdict" or "other decision" as used in this rule have reference to the finding upon the facts. The term verdict signifies the finding by the jury, and the term other decision the finding by the court. Vivian Independent Consolidated School District, etc. v. Boyles, 56 S.D. 524, 229 N.W. 390; Mathews v. Highlands, 103 Ind.App. 265, 7 N.E.2d 72; Heekin Can Co. v. Porter, 221 Ind. 69, 46 N.E.2d 486. The term other decision does not mean the memorandum decision of the trial court, as it is here entitled, in which the judge indicates the conclusions to which he has come on the facts. Tabor v. Superior Court of Los Angeles County, 28 Cal.2d 505, 170 P.2d 667. See also Christiansen v. Strand, 82 S.D. 416, 147 N.W.2d 415. Properly speaking such instrument under our practice is not a decision. Rather, the statute denominates it an opinion. SDC 1960 Supp. 33.0738.

■ In the rules of practice in effect before we adopted our present rules of civil procedure it was expressly stated that the decision consisted of findings of fact and conclusions of law. SDC 1960 Supp. 33.1403. In 33.1404 it was referred to as a formal decision. The language of RCP 52(a) which replaced section 33.1403, does not specifically state that the decision consists of findings of fact and conclusions of law, but it is apparent therefrom that such is the case. This view finds additional support in RCP 58 which provides that "judgment upon the jury verdict or upon the decision of the court, shall be promptly rendered".

■ ■ In a cause tried to the court the findings of the court on fact questions are the equivalent of the verdict in matters tried by a jury. In the Vivian Independent School District case this court said: "Proceedings for a new trial have to do, not at all with the judgment, but entirely with the decision of fact questions, whether such decision is represented by the verdict of a jury or by the findings and conclusions of the court." See also Federal Land Bank of Columbia v. Gross, 178 Ga. 83, 172 S.E. 227. We therefore hold that there was no "other decision" in this case within the meaning of that term in RCP 59(6). The memorandum decision of the trial court may not be used as a substitute for findings of fact. Smith v. McKinstry, 69 Cal. App.2d 95, 158 P.2d 262.

From defendant's motion for a new trial it is manifest he is claiming that the evidence is insufficient to justify the "memorandum decision" of the court. This is not a cause for which a new trial can be granted under our rule. The grounds appearing in RCP 59 for granting a new trial are exclusive. 66 C.J.S. New Trial § 117; 39 Am.Jur., New Trial, § 27. Consequently, a new trial may be granted for only the causes enumerated. Under Federal Rule 52(a) the filing of an opinion or memorandum of decision, which finds the facts and states the conclusions of law, satisfies the requirements of the federal rule as to findings and conclusions. Our rules do not contain a similar provision.

Defendant's motion for a new trial was clearly unauthorized and did not present to the trial court the insufficiency of the evidence. Nor did it preserve that issue for review on this appeal. Nevertheless, we have painstakingly reviewed the transcript of the testimony and other proofs in this record with that issue in mind. The evidence is conflicting, but when viewed most favorably to the plaintiff we find therein substantial support for the judgment.

Affirmed.

All the Judges concur.