248 N.W.2d 878 (1976)
In the Matter of A. P. and A. P., alleged dependent and neglected children.
No. 11794.
Supreme Court of South Dakota.
December 31, 1976.
John W. Keller, Chamberlain, for appellant, Mother of A. P. and A. P.
W. H. Engberg, Asst. Atty. Gen., Pierre, for respondent, State of South Dakota; William J. Janklow, Atty. Gen., Pierre, on brief.
R. E. Morgan of Morgan, Fuller, Theeler & Cogley, Chamberlain, amicus curiae on behalf of A. P. and A. P.
*879 COLER, Justice.
D. P., the mother of five- and six-year-old minor daughters, appeals from a combined order of adjudication and disposition which terminated the parental rights of both parents. We reverse that part of the order which terminated the rights of the parents to their children.
Several of appellant's assignments of error dealt with the adjudicatory hearing and the decision thereon. These assignments of error were briefed and argued and are not totally without merit. We here discuss only the procedural defects leading up to the decree terminating parental rights, as both the appellant, in the conclusion set forth in her brief, and the state, in oral argument, concede that this matter should be remanded for another dispositional hearing.
These proceedings were commenced by the filing of a petition in accordance with SDCL 26-8-10 on June 26, 1974. A summons issued on the same day set July 17, 1974 as the date for hearing on that petition. When appellant failed to appear on that date she was arrested under a bench warrant and the hearing was rescheduled for September 25, 1974. By agreement of counsel the hearing was postponed to October 9, 1974,[1] at which time part of the testimony on the case was elicited. Further testimony was taken on October 23, 1974, to conclude the adjudicatory hearing. At the close of that hearing, the trial court stated in the record:
"I do find that A. P. and A. P. are dependent and neglected children. Now, that will be the decision in this adjudicatory hearing. Now, particularly to Mr. and Mrs. P., this is an adjudicatory hearing. There will be an investigation made and evidence will be submitted to the court and there will be then a subsequent hearing. It will be a dispositional hearing. Now, in that dispositional hearing again the Judge of this court has great discretion as to what shall happen to the children. There is no determination made at this time whatsoever as to what that disposition is going to be. It will be based upon all the evidence that's been produced here. It will be based upon a very serious and a careful reading of the transcript by the Judge of this court. It will be based upon evidence that may be submitted by counsel * * * and, of course, by the states attorney, and also by the Division of Social Services, the Department of Welfare. I want all that information. I want it made available so it can be studied sometime before the dispositional hearing. Accordingly, I am not in a position to set the dispositional hearing at this time. The hearing will certainly not be anywheres in the next three weeks because it's going to take time to get the transcript printed and given to me to read and to counsel, and also this other investigation of facts. However, I do want counsel, as many of you as there are, to get together at a stipulated time, place, and date, for this dispositional hearing. I will in this instance ask the states attorney, Mr. Andera, if he will be the one who will coordinate toward that effort of getting a convenient time for all parties concerned."
For reasons which are not set forth in the record, a hearing on proposed findings of fact and conclusions of law for the purposes of the adjudicatory hearing was not held until May 14, 1975. On that date, after hearing objections to the findings of fact and conclusions of law, the trial court, sometime between 10:20 a. m. and noon, adopted them as presented by the state and thereupon stated:
"Now, it's necessary that we have this dispositional hearing. This dispositional hearing will be heard at 1:00 o'clock today. Court's adjourned."
This statement was made despite the court's Conclusion of Law No. 3, entered on that same day which reads:
"That Order should enter adjudicating said A. P. and A. P. to be neglected and *880 dependent children and setting a time and place for a Dispositional Hearing thereon."
Further, the holding of the dispositional hearing without warning was contrary to the statement the court had made to counsel and the parties on October 23, 1974. The court did thereupon conduct a dispositional hearing and entered the order terminating parental rights.[2]
The record reflects that neither the state nor the parents were ready to proceed with the dispositional hearing on such a short notice.
The legislature, in enacting Chapter 164 of the Session Laws of 1968, made significant changes in our juvenile code. Largely the changes were made to comply with In re Gault (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, where, in considering sufficiency of notice it is stated:
"Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded * * *." 387 U.S. at 33, 87 S.Ct. at 1446.
As acknowledged by this court in its consideration of the 1968 amendments: "It is clear the legislature was abandoning informal hearings and installing a formal court hearing." In re DLF (1970), 85 S.D. 44, 176 N.W.2d 486.
Although appellant was on several occasions notified that there might or would be a dispositional hearing, the time for that hearing was set not more than two hours before the hearing and no evidence was presented to the court as to the existing home environment of appellant. While the trial court stated on October 23, 1974 that the dispositional hearing would include evidence from the division of social services, nothing in the record indicates a direction by the court, pursuant to SDCL 26-8-32.5, for a social study which is to be considered by the court in dispositional hearings under *881 SDCL 26-8-22.11. Under these circumstances, the appellant was denied her statutory rights and there was insufficient evidence before the court to support the decree terminating parental rights.
The findings of fact and conclusions of law which were entered by the trial court in this case dealt only with the adjudication of neglect or dependency. No findings of fact or conclusions of law were entered to support the decision to terminate parental rights. Although designated as an "Order of Adjudication and Order of Disposition," the phraseology of the order takes the form of a decree of termination which is required to be entered to terminate parental rights under the express language of SDCL 26-8-36. See also 26-8-30 and 26-8-35. Such a decree is a "judgment" as defined by RCP Rule 54(a) (SDCL 15-6-54(a)), and must be supported by findings of fact and conclusions of law. RCP Rule 52(a) (SDCL 15-6-52(a)), unless expressly waived. RCP Rule 52(b). There having been no waiver the decree or "decision" rendered without findings was not complete. RCP Rule 58 (SDCL 15-6-58). Bunnell v. Kindt, 1968, 83 S.D. 377, 159 N.W.2d 923.
Appellant further claims that the trial court improperly considered evidence in the form of records and files of a social worker for the division of social welfare which were not introduced into evidence and which the court refused for inspection by appellant's counsel. Considering statements made by the trial court it does appear that some knowledge was gleaned from sources not in the record. However, since no findings of fact were entered we cannot here determine if the trial court did consider evidence which was not subject to cross-examination and not of record. SDCL 26-8-32.5.
The adjudication that the children were neglected or dependent is affirmed[4] and the decree of disposition is reversed without prejudice to instituting new proceedings in compliance with SDCL 26-8.
All the Justices concur.
NOTES
[1] Notwithstanding the mandate of SDCL 26-8-23 that a continuation "shall extend no longer than three months."
[2] The order of disposition, also dated May 14, 1975, recites:

"ORDERED that a dispositional hearing in this matter be set and had,
"Whereupon, a dispositional hearing was had on the 14th day of May, 1975, in the Courtroom of the Court House in the City of Chamberlain, Brule County, South Dakota, the Hon. Merton B. Tice presiding, and the children not appearing in person, but being represented by Robert L. Morgan, attorney at law, Chamberlain, South Dakota, and all other parties being represented as hereinbefore set forth, and the Court having heard the testimony and the evidence and a verbatim record having been made of the proceedings, and counsel for all parties having been heard, and the best interests of the children being served thereby3 and the Court being fully advised in the premises, it is hereby
"ORDERED, ADJUDGED AND DECREED, that the parental rights of W. P. and D. P. be, and they hereby are, TERMINATED as of the 14th day of May, 1975, and that the care, custody and control of the minor children, A. P. and A. P., be, and it hereby is, transferred to the South Dakota Department of Social Services for the purposes of placing them in foster care or arranging for their adoption, as the best interests of said children may appear to said Department of Social Services."
3 As indicated by the decree the trial court's only criteria for a determination of the dispositional aspect of the case was what was for the best interest of the children. It is true that SDCL 26-8-36 provides, in part, that "[t]he court may enter a decree terminating all parental rights of one or both parents in the child when it finds that the best interests and welfare of the child so require." See also SDCL 26-8-2 and 26-8-22.11. We must, however, call the trial court's attention to the text of SDCL 26-7-11, to wit:
"Every proceeding under chapter 26-8 shall be in the interest of the child and the state, but with due regard to the rightful parents and others directly interested; and in any proceeding the child shall be dealt with, protected, and cared for as a ward of the state."
The foregoing section embodies the concept of the balancing of interest test, Hernandez v. Arizona Dept. of Economic Security, (1975), 23 Ariz.App. 32, 530 P.2d 389; Alsager v. District Court of Polk County, Iowa (1975), 406 F.Supp. 10, and must be considered in connection with the provisions of SDCL 26-8 as it relates to termination of parental rights.
[4] The adjudication of these children as neglected or dependent is amply supported by the record. The children were left with various people for long periods of time on numerous occasions with little clothing and little or no food. When the children were taken into custody, they were removed from the residence of an elderly woman confined to a wheelchair, who was only to baby sit them a few hours for their mother. When the mother did not return after eight days, the baby sitter requested help from the Department of Social Services, who then removed the children to a foster home.