## ARTHUR ET AL. *v.* STULTS ET AL.

[No. 9,985. Filed November 25, 1919.]

1. NEGLIGENCE.—*Fire from Threshing Engine.—Evidence.*—In an action for loss of a barn by fire alleged to have been communicated by a threshing engine operated without a spark-arrester, evidence that the engine was equipped with one of approved

type, of common use; in proper place on the engine, and in good condition before and after the fire, together with evidence that the fire broke out inside the barn, 200 feet from the engine, and that one of plaintiff's employes was seen smoking in the barn not long before, is sufficient to support a finding that the fire was not caused by sparks from the engine, although there be other evidence conflicting therewith. p. 453.

2. APPEAL.—*Conflicting Evidence.*—*Review.*—A verdict rendered upon conflicting evidence finally determines the issues of fact involved. p. 453.

3. NEGLIGENCE.—*Contracts.*—*Provision Against Extra Hazard.*— A contract between the owner of a threshing outfit and another for the use of the outfit, may lawfully contain a stipulation against liability arising from the increased hazard in the use of wood instead of coal in the engine for fuel, since such a provision did not lessen the responsibility of the thresher for the results of actual negligence in the use of such fuel. p. 453.

From Huntington Circuit Court; *Charles K. Lucas,* Special Judge.

Action by Orland M. Arthur and another against Uriah H. Stults and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*J. W. Moffett, Milo N. Feightner* and *Fred H. Bowers,* for appellants.

*Cline & Cline* and *Watkins & Butler,* for appellees.

REMY, J.—This is an action instituted by appellants to recover for the loss by fire of a certain barn. At the time of the fire appellees' threshing outfit was being operated near said barn on appellants' farm, under contract between the parties. It is the theory of the complaint that the fire was caused by the negligence of appellees in operating, without a spark-arrester, a steam engine which constituted a part of the threshing outfit. A trial by jury resulted in a verdict and judgment for appellees. The only error assigned is the action of the court in overruling the

motion for a new trial. Under this assignment appellants have properly presented for our consideration two specifications in their motion, viz.: (1) The verdict is not sustained by sufficient evidence; and (2) the court erred in giving to the jury on its own motion instruction No. 7.

There is much testimony which tends to support appellants' theory of the case, but there is also evidence to the effect that the engine was equipped 1, 2. with a spark-arrester of an approved type in common use; that it had been examined from time to time, both before and after the fire, and found to be in good condition; that it was in its proper place during the time the engine was being operated on appellants' farm; that the fire broke out inside the barn, at a distance of about 200 feet from the location of the engine; and that one of appellants' employes was seen smoking in the barn not long before the fire. Though conflicting, the evidence is sufficient to support a finding that the fire was not caused by sparks from appellees' engine. Appellants' view of the law was fully presented in the instructions given at their request. The verdict of the jury under such circumstances finally determines the issues of fact. *Collins* v. *Groseclose* (1872), 40 Ind. 414, 417; *Portland, etc., Mach. Co.* v. *Gibson* (1916), 184 Ind. 342, 346, 111 N. E. 184.

Instruction No. 7 is as follows: "If you find from the evidence that at the time of making the contract for threshing between plaintiffs and defend- 3. ants it was agreed as a part of such contract that in the event wood was used as fuel in the engine plaintiffs would be required to assume the risk of fire caused thereby, then I instruct you that such

a stipulation would apply to the difference in hazard, if any, which existed between the use of wood or coal as fuel, but it would not apply to any defect, if any existed, in the arrester or appliances used about the engine. If you find that the fire complained of was caused by reason of the use of wood instead of coal, and that it was not caused by reason of any defect in the spark-arrester used, then it would be your duty to find for the defendants herein."

The only objection urged against this instruction rests on the rule that a person may not lawfully contract to exempt himself from the results of his own negligence. We are unable to discover the relation of that rule to said instruction. The use of wood for fuel was not in itself negligence, but its use is perhaps more hazardous, under ordinary conditions, than the use of coal. The assumption of this extra hazard by appellants, who under the agreement were to furnish the fuel, was a proper subject of contract, and did not lessen the responsibility of appellees for the results of actual negligence, if any, in their use of such fuel. Their conduct was still to be measured in the light of the increased hazard, but they were not to be responsible for loss arising from such hazard, independently of such negligence on their part. The provision of the contract was lawful, and its application to the facts in issue is correctly set forth in the instruction.

There is no reversible error. Judgment affirmed.