STINSON *v.* METTERT B/N/F METTERT; STINSON *v.* METTERT.

[Nos. 20,560 and 20,596. Filed July 17, 1967.
No petition for rehearing filed.]

*George W. Hand* and *Scotten & Hinshaw,* both of New Castle, for appellant.

*James R. White,* of New Castle, for appellees.

Cook, J.—These are companion cases arising out of action filed by appellees-plaintiffs against the appellant seeking damages for personal injuries, lost wages, property damage and medical expenses arising out of a motor vehicle collision between appellant and appellee, Joseph Allen Mettert, a minor.

Appellee, Allen J. Mettert, is the father of the appellee, Joseph Allen Mettert. Joseph Mettert brought his suit to recover damages for personal injuries and Allen Mettert brought suit seeking to recover the medical expenses, lost wages and property damage.

The causes were consolidated for trial. The jury returned its verdict in Cause No. 20560 in favor of the appellee, Joseph Mettert, in the sum of $1,000, and in Cause No. 20596 the jury returned its verdict against the appellee, Allen Mettert.

Motions for new trial were filed by the appellees in both of the causes, and both motions were granted by the trial court. The granting of these motions is the sole assignment of error relied upon in this appeal.

The record shows that appellee, Joseph Allen Mettert, age 17, was driving his motorcycle on a paved county highway. He stopped at an intersection in order to make a turn, waiting on an oncoming automobile to pass. As he started his turn he was struck by the appellant, who was approaching from the rear.

The evidence indicates that Joseph Allen Mettert suffered permanent physical disability of approximately fifteen percent as a result of this happening. At the time of the collision he was earning $50 per week, and lost six months work. He was in the hospital six weeks, and the total hospital expense was in excess of $1,000. In addition, he incurred additional doctor and X-Ray expenses.

The trial judge sustained the motion of appellee, Joseph Allen Mettert, for new trial for the reasons that:

> "Burns' Indiana Statutes No. (sic) 2-2406, reads as follows: 'Where a party is entitled to recovery by his complaint, and he does so recover, but is awarded substantially less recovery than the facts in evidence show his actual pecuniary loss to be, such erroneous award shall constitute ground for a new trial at the instance of the aggrieved party.'
>
> "On the basis of the Indiana Statute quoted above, the court finds that the verdict of the jury finding for the defendant (sic) is inadequate damages and therefore grounds for a new trial."

The Indiana Supreme Court has construed the statutory language "actual pecuniary loss" to include all damages that are recoverable. *Henschen* v. *New York Cent. R. Co.* (1945), 223 Ind. 393, 61 N. E. 2d 738.

When considering a motion for new trial, the trial judge has a duty to weigh the conflicting evidence. *Bailey* v. *Kain* (1963), 135 Ind. App. 657, 192 N. E. 2d 486. This court will not overturn the lower court's determination unless there is a clear showing that there has been a plain abuse of discretion, or that a flagrant injustice has been done the complaining party, and the complaining party has made a very strong case for relief. *Newson* v. *The Pennsylvania Railroad Co.* (1962), 134 Ind. App. 120, 186 N. E. 2d 699. *Topper* v. *Dunn* (1961), 132 Ind. App. 306, 177 N. E. 2d 382.

An examination of the evidence does not support appellant's contention that the trial court abused its discretion in grant-

ing appellee, Joseph Allen Mettert, a new trial. Therefore the judgment in Cause No. 20560 will be affirmed.

The trial court sustained the motion of appellee, Allen J. Mettert, for new trial for the reasons stated:

> "Upon the jury finding in the companion case . . . that the plaintiff Joseph Allen Mettert was entitled to damages, must as a matter of law find for the plaintiff in this cause of action. The verdict of the jury is contrary to the law and the evidence.
>
> "In this case, since the jury did find for the plaintiff Joseph Allen Mettert in the companion case, as a matter of law the plaintiff Allen J. Mettert was entitled to recover medical bills and lost income of his son. Therefore, the verdict of the jury finding for the defendant is not sustained by sufficient evidence and is contrary to law."

The trial court submitted to the jury, under proper instructions, the issues of alleged negligence, contributory negligence, proximate cause, and the measure of damages. The jury's verdict for appellant Stinson and against appellee Allen J. Mettert is implacably opposed to the verdict awarding damages to appellee Joseph Allen Mettert and against appellant Stinson.

The trial judge in the proper exercise of his judicial discretion restored the parties and the issues between them to original status. Such action is rarely reversible and often desirable.

Since the enactment of the 1959 statute (Burns' Indiana Statutes, 1966 Supp., § 2-3201), which for the first time allowed an appeal from a ruling of a court granting a motion for a new trial we have concluded that the trial court's action will not be disturbed unless a flagrant case of injustice is made to appear. Such is not the situation here. The judgment in Cause No. 20596 is affirmed.

Judgments affirmed.

Pfaff, C.J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 228 N. E. 2d 43.