GREEN *v.* OAKLEY.

[No. 868A140. Filed September 18, 1969. No petitions for rehearing or transfer filed.]

*Donald W. Ward, James W. Treacy, Feeney, Treacy & Ward,* of Indianapolis, for appellant.

*George V. Heins, Eugene O. Maley, Smith, Maley & Douglas,* of Indianapolis, for appellee.

SHARP, J.—The plaintiff-appellant, Clark L. Green, filed his complaint in two legal paragraphs against the defendant-appellee, Evelyn R. Oakley, as a result of an automobile collision which occurred on September 7, 1965. Paragraph I of the complaint was for personal injury damages and contained a prayer for $75,000.00. Paragraph II was for property damages to the plaintiff's vehicle and contained a prayer for $300.00. The jury rendered a verdict of $4200.00 on Paragraph I and $300.00 on Paragraph II. The appellant filed a motion for new trial on the sole basis of inadequate damages under Burns' Indiana Statutes Annotated, § 2-2406, which was overruled by the trial court and is the sole assignment of error here.

The allegations of the plaintiff's complaint as to damages are:

"4] As a proximate result of one or more of the said acts of negligence and carelessness of the Defendant, Plaintiff sustained the following injuries:
(a) Injury to his back, including the lumbar area of his back, neck and upper dorsal areas, with pain radiating into his limbs.
(b) Aggravation of a pre-existing and quiescent condition in his low back, necessitating a spinal fusion.
(c) Pain, suffering and mental anguish.
(d) Nervous system severely shocked.
(e) Permanent impairment of his body as a whole.

5] Prior to suffering the injuries described above, Plaintiff was a well and healthy man, and had expectation of a normal life and longevity, and as a result of the injuries received in this accident, he has lost wages in the past and will continue to lose them in the future, and his earning capacity and 'ability to perform the normal pursuits of daily living has been permanently impaired.' "

The transcript contains 606 pages and discloses that the controversy here was vigorously and ably contested by counsel on both sides and contains conflicting evidence and evidence from which more than one inference is possible.

The basic rule to guide our consideration as to the question of inadequate damages is well stated by our Supreme Court in *Henschen* v. *New York Central Railroad*, 223 Ind. 393, 397, 60 N. E. 2d 738, 739 (1945), where our Supreme Court states:

"Appellant's assignment 3 and 4 in her motion for new trial can only be an attempt to state grounds therefor under § 2-2406, Burns' 1933 (Supp.).

This section of the statute reads as follows:

'Inadequate damages—Ground for new trial.—Where a party is entitled to recover by his complaint, and he does so recover, but is awarded substantially less recovery than the facts in evidence show his actual pecuniary loss to be, such erroneous award shall constitute ground for a new trial at the instance of the aggrieved party.'

While the reason for a new trial need not be stated in the language of the statute, merely stating that the verdict awarded insufficient damages, as does assignment number 4, is not the same as saying that the verdict is substantially less than the facts in evidence show her actual pecuniary loss to be. Of these two assignments, only number 3 reasonably apprises the court and the opposite party of the ground on which the new trial is asked, and said assignment number 3 is, therefore, sufficient. *Heekin Can Co.* v. *Porter* (1943), 221 Ind. 69, 46 N. E. 2d 486.

Appellee insists that said § 2-2406, Burns' 1933 (Supp.), does not make alleged insufficiency of the recovery awarded by the verdict of the jury ground for a new trial in an action such as this, namely, one brought under the wrongful death statute, § 2-4-4, Burns' 1933 (Supp.).

Although this statute is peculiarly worded we are not inclined to attribute to the phrase 'actual pecuniary loss,' as used therein, the narrow and restricted meaning as has been placed upon the similar phrase 'actual pecuniary injury' by the courts of Kentucky. There, in construing this phrase, the court decided that the word 'injury' is synonymous with the word 'loss', and the phrase 'actual pecuniary injury' means only damages that can be actually and definitely measured in money. See *Drury* v. *Frank* (1933), 247 Ky. 758, 57 S. W. 2d 969; also, *Owings, Adm.* v. *Gradison Const. Co.* (1931), 241 Ky. 5, 54 S. W. 2d 327. Rather, we believe the legislature, in using the phrase 'actual pecuniary loss', intended to include damages which are recoverable in an action for wrongful death. Recovery for

actual pecuniary loss is really what is sought in such an action. As was said by Judge Gillett in *Consolidated Stone Co.* v. *Staggs* (1905), 164 Ind. 331, 337, 73 N. E. 695, 697, in referring to the measure of damages from wrongful death:

> "Under a statute like ours, which gives a new right of action, distinct from that which the deceased might have maintained, the measure of damages is compensation for the pecuniary loss sustained by the party or parties entitled to the benefit of the action. 'The sole inquiry is how many dollars are necessary to compensate the beneficiaries for the pecuniary loss caused to them by the wrongful death.' . . . The damages are not to be estimated at the value of the life lost, but at such a sum as will compensate the persons on whose behalf the action is brought for the pecuniary injury which they have sustained by the death."

By this § 2-2406 of the statute it was intended to provide grounds for a new trial in all other tort actions where the award of damages is inadequate, just as such ground was already provided in tort actions for injury to or detention of property by the fifth cause for a new trial in said § 2-2401, Burns' 1933. So construed, this section repeals, by implication, the first portion of § 2-2402, Burns' 1933, which provides that a new trial shall not be granted on account of the smallness of the damages in actions for an injury to the person or reputation.

In order to determine whether this verdict is inadequate we must apply the same rules as would be applied if it were being challenged as excessive under the fourth cause for a new trial as set out in § 2-2401. This is also the modern rule at common law. *Kilmer* v. *Parrish* (1908), 144 Ill. App. 270; *Benton* v. *Collins* (1899), 125 N. E. 83; 47 L.R.A. 33, Note.

Aside from cases where damages are a mere matter of computation this court will reverse a cause for excessive damages only where, after examining the evidence concerning the injuries, it is apparent that the amount of damages assessed by the jury is so large as to indicate that the jury in assessing the amount was motivated by prejudice, passion, partiality or corruption, or considered some improper element. *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944; *Citizens Tel. Co.* v. *Prickett* (1919), 189 Ind. 141, 125 N. E. 193. This is the rule, therefore, that must guide us in determining whether the damages awarded in this case

are inadequate. To adopt any other rule which would allow us to examine and weight the evidence would be an invasion of the province of the jury.

In the case at bar, the record discloses that the deceased was, at the time of his death, 34 years of age, with a life expectancy of 31.58 years; that he was strong and in good health, and was steadily employed; that his wage was, and had been for about a year $25 per week; that he left surviving him a widow, the appellant herein, and three minor children, and that a fourth child was born after his death; that he gave practically all of his earnings to his wife for the support of his family. This was all of the evidence bearing on plaintiff's damages.

In a case of this kind the extent of the compensation is largely a jury question and does not admit of fixed rules and mathematical precision. . . ."

The trial court has broad discretion in the granting of a new trial on questions of evidence. See *Hinds* v. *McNair,* 235 Ind. 34, 129 N. E. 2d 553 (1955). In this regard the appellant relies heavily upon *Stinson* v. *Mettert,* 141 Ind. App. 354, 228 N. E. 2d 43 (1967), in which the trial court *granted* a motion for new trial because of inadequate damages. As indicated in *Bailey* v. *Kain,* 135 Ind. App. 657, 192 N. E. 2d 486 (1963) ; *Newsom* v. *Pennsylvania Railroad Co.,* 134 Ind. App. 120, 186 N. E. 2d 699 (1962) ; and *Moore* v. *Berry Refining Co., et al.,* 145 Ind. App. 92, 248 N. E. 2d 398 (1969), the consideration of the trial court's granting a motion for a new trial are entirely different on appeal from those instances where the trial judge denies a motion for a new trial as in this case. Therefore, appellant's reliance on *Stinson* is ill-founded.

There was a mass of medical evidence submitted in this case and several medical witnesses were extensively examined and cross-examined by the parties. It appears from the evidence that the plaintiff-appellant had a pre-existing back condition which included a lordotic condition of long standing. There was evidence from which the jury might have inferred that the back ailment of the plaintiff-appellant was partly caused

by the pre-existing conditions. The evidence was also in conflict, or conflicting inferences were possible, relating to the reasonableness of the plaintiff-appellant's medical expenses after the accident in question. Likewise, conflicting inferences were possible with reference to the evidence regarding loss of wages and there was some confusion in the evidence as to the amount. Much of the evidence relating to damages came from the plaintiff himself thus the jury and the trial court both had the opportunity to hear his testimony and observe his demeanor and to therefore judge his credibilitly, an opportunity which is unavailable to us.

This court has recently decided several cases which are relevant to the decision in this case for their facts, reasoning and result. The facts in *Ritter* v. *American Transit Lines,* 141 Ind. App. 474, 229 N. E. 2d 733 (1967), are particularly relevant. In that case the jury rendered a verdict for personal injuries for the sum of $500.00, whereas there had been evidence of approximately $2700.00 in medical expenses, $1500.00 in lost wages and approximately $1500.00 for future medical expenses. In examining the verdict this court stated:

> "Conflicting testimony was presented relative to the effect and causation of subsequent medical complications affecting appellant's health and for damages." 229 N. E. 2d at 736.

Likewise, the case of *Schutz* v. *Rose,* 136 Ind. App. 165, 196 N. E. 2d 285 (1964), is in point which was recently reaffirmed by this court in *Niemeyer* v. *Lee, et al.,* 144 Ind. App. 161, 245 N. E. 2d 178 (1969).

In *A.S.C. Corp.* v. *First National Bank of Elwood,* 241 Ind. 19, 25, 167 N. E. 2d 460, 463 (1960), Judge Bobbitt, speaking for our Supreme Court, stated:

> '. . ., our Appeal Courts have again recognized the fact that uncontradicted evidence will sometimes support conflicting inferences, and when this is the case, the inferences drawn by the trier of fact will prevail."

In this same contest Judge Cooper, speaking for this Court in *Nationwide Mutual Ins. Co.* v. *Day,* 140 Ind. App. 564, 224 N. E. 2d 520, 523 (1967), stated:

"For us to say as a matter of law that there was no conflict in the evidence, or that it was sufficient to sustain a recovery for the appellant, would amount to an invasion of the province of the jury which tried this cause and concluded otherwise."

Likewise, in this case we cannot say as a matter of law that the evidence was without conflict or inferences to support the verdict. To do so would invade the province of the jury.

The trial judge is in a better position than we are to determine whether there was passion, prejudice, partiality or corruption which influenced the jury in assessing damages when it rules on a motion for a new trial. See *Indianapolis Transit, Inc.* v. *Moorman,* 134 Ind. App. 572, 189 N. E. 2d 111 (1963). Although *Indianapolis Transit* involved a question of excessive damages the same rule would apply with equal force in this case involving the question of inadequate damages.

There was sufficient evidence and inferences from which the jury could have reached its verdict. There were questions of weight and credibility which the jury was obligated to resolve in this case. The damages awarded are not inadequate as a matter of law. The trial court did not err as a matter of law in overruling appellant's motion for a new trial. The case must be affirmed.

Judgment affirmed. Costs v. Appellant.

Pfaff, C.J., Hoffman and White, JJ., concur.

NOTE.—Reported in 250 N. E. 2d 594.