**COMMISSIONER, INDIANA STATE HIGHWAY DEPARTMENT, Appellant (Defendant Below),**

v.

**Omar COLLINS, Appellee (Plaintiff Below).**

No. 2–378A90.

Court of Appeals of Indiana, Second District.

Dec. 29, 1980.

Theodore L. Sendak, Atty. Gen., Thomas D. Strodtman, Asst. Atty. Gen., G. Richard Potter, Deputy Atty. Gen., Indianapolis, for appellant.

Patrick J. Bennett, Richards, Bennett & Bravard, Indianapolis, for appellee.

SHIELDS, Judge.

ON PETITION FOR REHEARING

Omar Collins (Collins) petitions for rehearing claiming that this court's Memorandum Decision handed down October 9, 1979 (Sullivan, J., dissenting) was erroneous in that it did not require a demonstration of prejudice in reversing a summary judgment entered before the ten day waiting period required by Ind. Rules of Procedure, Trial Rule 56(C) had expired.

Rehearing Granted.

We agree with Collins, grant rehearing, vacate our prior opinion, and affirm in part and reverse in part.

## FACTS

We restate the facts from our prior opinion:

On July 4, 1974, Collins and other members of his motorcycle drill team met in Indianapolis for a ride to Lebanon. As Collins's group proceeded up a ramp to Interstate 65, Collins lost control of his motorcycle, which slid from under him throwing him to the pavement.

This action was commenced in August of 1975 and an answer in denial was filed by the State. Collins then filed interrogatories on May 5, 1976 and an amended complaint and request for admissions on June 11, 1976. The State responded to the request for admissions on June 25, 1976, but as of July 8, 1976 when Collins filed for a summary judgment the interrogatories had not been answered, nor had the State filed an answer to the amended complaint.

The State's Response to Request for Admissions included the following:

"3. The plaintiff fell due the slick surface of said approach ramp.

4. That the defendant (State) had caused an epoxy sealant to be placed on the surface of the roadway of the said exit ramp which caused the extreme slickness of the said ramp.

5. That the proper engineering procedures were not followed in applying such epoxy sealant to the said ramp.

6. Defendant (State) admits the actual statement made by Halleck ... Said statement is made as follows: 'Well, it appears that *possibly* in the application of the material, enough sand was not introduced to the epoxy. Of course, this is the first rain that we've had since it was applied, so the combination of events probably caused the accident." (emphasis supplied)

On July 14, 1976, six days after the motion was filed, the trial court granted summary judgment for Collins on the issue of liability without a hearing. On August 23, 1976 the State answered the interrogatories.

A trial was conducted solely on the issue of damages and from a jury verdict of $55,000 the State appealed.

## HARMLESS ERROR DOCTRINE APPLIED TO T.R. 56(C)

In our prior opinion we found the trial court committed reversible error in granting a summary judgment only six days after Collins had made the motion on the basis that the ten day notice requirement included in T.R. 56(C) had been violated.

Our concern was that the State's ability to raise a material issue of fact was prematurely cut off. We are now convinced that Judge Sullivan's dissent expressed the correct view, that is, that the appellant must show he was *prejudiced* by the trial court's error. Here, the State has not done so.

A basic precept of our trial rules is that "the court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Ind. Rules of Procedure, Trial Rule 61.

The burden of showing prejudice rests upon the appellant, in this case the State. *Meeker v. Robinson*, (1977) Ind. App., 370 N.E.2d 392; *Richardson v. Brown*, (1977) Ind.App., 362 N.E.2d 197. As *Meeker* reminds us, a court of review should not indulge in presumptions of prejudice to sustain allegations of error.

This harmless error doctrine has been applied in Indiana to the exact situation before us, i. e., summary judgment entered prior to the end of the ten day period required by T.R. 56(C). *Smith v. Young*, (1974) 160 Ind.App. 83, 310 N.E.2d 84. Federal cases have also applied the doctrine. *Township of Benton v. County of Berrien*, (6th Cir. 1978) 570 F.2d 114; *Ikerd v. Lapworth*, (7th Cir. 1970) 435 F.2d 197; *Foster v. New York Central System*, (7th Cir. 1968) 402 F.2d 312; *Fender v. General*

*Electric Company*, (4th Cir. 1967) 380 F.2d 150. *See also Crown Aluminum Industries v. Wabash Co.*, (1977) Ind.App., 369 N.E.2d 945; *Lynch v. Keck*, (1970) 147 Ind.App. 570, 263 N.E.2d 176. This proposition was clearly stated in *Township of Benton*:

> "[T]he failure to comply with the ten day requirement in Rule 56(c) *is subject to the harmless error rule*, requiring a showing of prejudice to the party against whom summary judgment was granted in order to warrant reversal. *Thacker v. Whitehead*, 548 F.2d 634, 636 (6th Cir. 1977); *Oppenheimer v. Morton Hotel Corp.*, 324 F.2d 766, 768 (6th Cir. 1963)." (emphasis supplied)

570 F.2d at 119.

This position is further summarized in 6 Moore's Federal Practice (2nd ed. 1976) ¶ 56.14[1]:

> "Even where a formal motion is made, the trial court may not ignore the requirement that the motion be served at least 10 days before hearing, but the defect is waivable and *subject to the harmless error rule*." (Footnotes omitted.) (Emphasis supplied.)

In the present case, the State has not asserted in any way how it was prejudiced by the trial court's premature ruling. There is nothing in the record or in the State's brief indicating that in the remaining four days the State would have presented any further information to the trial court. Without such an assertion, we cannot say that the State has demonstrated it was in any way prejudiced by the trial court's failure to comply with the 10 day requirement.

> The language in *Ikerd* hits the mark: "Knoblett points to nothing in the record which shows that he attempted to present any counteraffidavit or other material for the court's consideration during the ten day period or that he at that time called the court's attention to its oversight in

disposing of the motion one day earlier than Rule 56(c) provides .... Knoblett makes no claim of any specific resulting prejudice, and under the circumstances we are unable to perceive how any prejudice resulted from this wholly insignificant technical oversight, much less such prejudice as would support a reversal." 435 F.2d at 203.

## PROPRIETY OF GRANTING SUMMARY JUDGMENT

Having granted rehearing we turn to the merits of this case [1] and affirm the trial court in part and reverse in part.

A summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." T.R. 56(C). The burden is on the proponent of the motion to demonstrate the absence of any issue of material fact and that the law has been properly applied. *Levy Company v. Board of Tax Commissioners*, (1977) Ind.App., 365 N.E.2d 796; *Swanson v. Shroat*, (1976) Ind. App., 345 N.E.2d 872. Even if the facts are undisputed, all reasonable inferences must be resolved against the moving party. *St. Joseph Bank and Trust Company v. The Wackenhut Corporation*, (1976) Ind.App., 352 N.E.2d 842; *Ebert v. Grain Dealers Mutual Insurance Company*, (1973) 158 Ind. App. 379, 303 N.E.2d 693.

The State argues the trial court erroneously granted summary judgment because there were "factual issues." Specifically the State identifies these "factual issues" as:

(1) contributory negligence,

(2) incurred risk,

(3) notice of defect, and

(4) proximate cause.

---

1. Although we reach the merits of this appeal, our task of judicial review would have been facilitated by more precise findings in the partial summary judgment order. *See* Ind. Rules of Procedure, Trial Rule 56(C). *See also Bran-*

*don v. State*, (1976) 264 Ind. 177, 340 N.E.2d 756; *Richards v. Franklin Bank & Trust Co.*, (1978) Ind.App., 381 N.E.2d 115; *Palmer v. State*, (1977) Ind.App., 363 N.E.2d 1245.

■ However, notice and proximate cause are not issues. The State obviated the issue of notice when it admitted applying the epoxy glaze on the ramp which caused the extreme slickness of the ramp and that proper engineering procedures were not followed in applying the sealant. Notice is not an issue when the alleged defective condition is due to the act of the State itself as opposed to the failure of the State, for example, to remove an obstruction or to repair a defect in the street not caused by its own act. *City of Ft. Wayne v. Patterson*, (1891) 3 Ind.App. 34, 29 N.E. 167. Similarly, proximate cause was admitted by the State by its admission that Collins fell due to the slick surface of the ramp. Having made these admissions, State made notice and proximate cause nonissues.

■ The State's argument that contributory negligence and incurred risk are in issue is likewise without merit.

Collins successfully presented the trial court with uncontestable admissions of negligence (duty and breach) and proximate cause and with his affidavit as to his injury left only the question of his damage to be resolved by the fact finder. Essentially that submission fulfilled Collins's obligation under Ind. Rules of Procedure, Trial Rule 56(C) to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" *unless* he presented facts from which the trial court could reasonably find either or both contributory negligence or incurred risk were in issue. Clearly the State presented no such facts because it did not respond in any form to the motion for summary judgment. Furthermore, the State, both in its motion to correct errors and in its appellant's brief, fails to point to any fact before the trial court which supports even a reasonable inference of contributory negligence or incurred risk. For example, the State's appellate argument states:

"The question of contributory negligence and incurred risk on the part of the Plaintiff, Omar Collins, were factual issues which the Marion Superior Court erroneously disposed of in granting summary judgment for the Plaintiff in this case. Trial Rule 9.1(A) provides that in negligence cases the defendant may plead contributory negligence and incurred risk by pleading a general denial of the plaintiff's allegations of negligence. In the present case the Defendant, Commissioner, Indiana State Highway Department, pled a general denial of the Plaintiff's allegations of negligence (Tr. p. 22); consequently, the issues and defenses of contributory negligence and incurred risk on the part of the Plaintiff, Omar Collins, were to be determined by the trier of fact. *See Verplank v. Commercial Bank of Crown Point, supra* [145 Ind.App. 324, 251 N.E.2d 52]. The Marion Superior Court in granting the Plaintiff's Motion for Summary Judgment on the issue of liability precluded the Defendant from presenting any evidence to the trier of fact on key issues and defenses of contributory negligence and incurred risk. Assuming for the sake of argument only, that the Defendant, Commissioner's conduct constituted negligence as a matter of law, the Marion Superior Court could only grant summary judgment as to the Defendant's negligence, and not as to the Defendant's liability, since the trier of fact could find from the evidence that the Plaintiff was contributorily negligent or incurred a risk of injury by the Plaintiff's conduct."

The State correctly argues that Ind. Rules of Procedure, Trial Rule 9.1(A) provides contributory negligence and incurred risk may be raised under a general denial. However, that fact is of no benefit to the State if facts, disputed or otherwise, which would support a reasonable inference of those defenses are not before the trial court when it must rule on a motion for summary judgment. Thus, T.R. 56(E) further provides:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits

or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Collins submitted a supported motion for summary judgment. Negligence and proximate cause were established by the State's admissions; injury by the Collins affidavit. Furthermore, the admissions by the State and Collins's supporting affidavits are devoid of any facts from which the trial court could have reasonably inferred the issue of contributory negligence and incurred risk such as, for example, speed of the motorcycle, weather conditions, visibility of the slick surface, etc.

 We recognize that T.R. 56(E) does not compel the entry of summary judgment in every case in which the opposing party has failed to respond to the motion by counteraffidavit or otherwise. Under such circumstances, the trial court still must determine whether a genuine issue of material fact exists based upon the pleadings, affidavits, and evidence before him. *Kapusta v. DePuy Manufacturing Co.* (1968), 249 Ind. 679, 234 N.E.2d 487. *See also Smith v. P. & B. Corp.* (1979), Ind.App., 386 N.E.2d 1232; *Illinois Valley Acceptance Corp. v. Woodard* (1973), 159 Ind.App. 50, 304 N.E.2d 859; T.R. 56(C). Nevertheless, when, as here, the proof offered by the moving party establishes there is no genuine issue of material fact and the adverse party offers merely a general denial unsupported by any facts from which the trial court could determine if there was a factual controversy as to the existence of a valid defense, summary judgment is warranted. *See Kline v. Kramer* (1979), Ind.App., 386 N.E.2d 982; *Layman v. Atwood* (1977), Ind. App., 370 N.E.2d 933; *Letson v. Lowmaster* (1976), 168 Ind.App. 159, 341 N.E.2d 785; 2 A. Bobbitt, Works' Indiana Practice § 29.10 (5th ed. 1972).

Therefore, while we affirm the oft stated proposition that a negligence case is rarely appropriate for disposal by summary judgment, the instant case is one of these rare exceptions.

The State's other claimed errors based on the trial court's refusal to instruct the jury on the issue of contributory negligence must fail due to our affirmance of the trial court's action in granting summary judgment on liability.

 Excessive damages is urged as a basis for a reversal of the jury verdict of $55,000. The often affirmed test for the determination of excessive damages is concisely stated in *Faulk v. Chandler*, (1980) Ind.App., 408 N.E.2d 584, 586–7:

"Indiana courts have set a strict standard of review for appeals predicated upon the excessiveness or insufficiency of awarded damages. A verdict will only be reversed when it is apparent from a review of the evidence concerning the injuries that the amount of damages assessed by the jury is so small or so great as to indicate that the jury was motivated by prejudice, passion, partiality or corruption or considered some improper element. *Henschen v. New York Central R. R. Co.*, (1945) 223 Ind. 393, 60 N.E.2d 738; *Walker v. Jennings*, (1975) 164 Ind.App. 554, 330 N.E.2d 134; *Wynder v. Lonergan*, (1972) 153 Ind.App. 92, 286 N.E.2d 413; *Green v. Oakley*, (1969) 145 Ind.App. 307, 250 N.E.2d 594. Where the evidence presented is conflicting as to the nature, extent, and source of the injury, the jury is in the best position to assess damages. In such cases, the verdict returned by the jury cannot be said to be based upon prejudice, passion, partiality or corruption or on the consideration of some improper element. *Schutz v. Rose*, (1964) 136 Ind. App. 165, 196 N.E.2d 285; *Galbraith v. Leininger*, (1975) 164 Ind.App. 1, 326 N.E.2d 634; *Wickizer v. Medley*, (1976) 169 Ind.App. 332, 348 N.E.2d 96."

Nothing in this record indicates the verdict of the jury was prompted by prejudice, passion, partiality or corruption. Considering the evidence of Collins's temporary and permanent injuries; his continued pain and suffering, medical expenses and therapy; his lost wages, change in life style and

activities; and property damage to his motorcycle; we must defer to the jury's determination and cannot hold the damages are excessive.

Finally, the State urges the trial court erred in awarding Collins his costs. Both Collins and this court agree. The State of Indiana is not liable for costs.

Therefore, we remand for the sole purpose of vacating the judgment for costs and otherwise we affirm the judgment of the trial court.

BUCHANAN, C. J., and SULLIVAN, J., concur.