**Emma (Thompson) OTTE, Appellant,**

v.

**Marcia TESSMAN, Appellee.**

**COMMISSIONER, INDIANA STATE HIGHWAY DEPARTMENT, Appellant,**

v.

**Omar COLLINS, Appellee.**

**Nos. 1081S272, 1081S273.**

Supreme Court of Indiana.

Oct. 6, 1981.

Stephen H. Meyer, William Tuley-Welch, Chudom & Meyer, Schererville, for Otte.

Lowell E. Enslen, Gary K. Matthews, Hammond, for Tessman.

Linley E. Pearson, Atty. Gen., G. Richard Potter, Deputy Atty. Gen., Indianapolis, for Com'r, State Highway Dept.

Patrick J. Bennett, Bennett & Sheff, Indianapolis, for Collins.

PIVARNIK, Justice.

We consider here two causes that come to us on petitions to transfer from the Indiana Court of Appeals. The causes are unrelated but each concerns issues involving our Trial Rule 56(C) and we consolidate them only for purposes of our consideration and written opinion so that this issue might be resolved.

*Commissioner, Indiana State Highway Department v. Collins,* (1980) Ind.App., 413 N.E.2d 982 comes to us from the Second District Court of Appeals as Cause No. 2–378 A 90. This action was originally heard in Marion Superior Court, Room Three. Collins sued the State in August, 1975. He based his suit on a fall from his motorcycle due to the slick pavement on a ramp to Interstate 65. The State filed an answer in denial to Collins' complaint. Collins then filed interrogatories on May 5, 1976, and an amended complaint and request for admissions on June 11, 1976. The State responded to the request for admissions on June 25, 1976. On July 8, of that year, Collins filed a motion for summary judgment. On July 14, six days after the motion was filed, the trial court granted summary judgment for

Collins on the issue of liability, before a time was set for the hearing on the motion. On August 23, 1976, the State answered the interrogatories. The subsequent trial involved only the damage issue; the jury awarded Collins $55,000.00.

The State contends that the trial court committed reversible error in granting summary judgment only six days after Collins had made the motion. Ind.R.Tr.P. 56(C) fixes a notice requirement time of at least 10 days. The Court of Appeals held that the partial summary judgment entered before the 10-day waiting period was not reversible error, absent a showing of prejudice. The Court of Appeals found that the State's admissions indicated liability on its part and that nothing in the record indicated that in the remaining four days the State would have presented any further information to the trial court. 413 N.E.2d at 985. The State contends that the summary judgment was granted before it had the opportunity to raise questions of contributory negligence and incurred risk on the part of Collins.

*Otte v. Tessman,* (1980) Ind.App., 412 N.E.2d 1223 comes from the Third District Court of Appeals, Cause No. 3–179 A 22. The action originated in Lake Superior Court, Hammond, Indiana. Otte was the plaintiff and filed suit against Tessman, Otte's guardian, on March 11, 1975. Otte alleged that Tessman falsely imprisoned Otte; committed an assault and battery; slandered Otte; and converted her property. After some pleading had taken place by both parties, Tessman answered in denial and filed responses to Otte's interrogatories. Then on January 24, 1978, Tessman filed a motion for summary judgment. She attached to the motion memorandum in support of it, her affidavit, and court records pertaining to the guardianship. On June 7, 1978, the trial court granted summary judgment and dismissed Otte's action. The trial court did this without setting a hearing date or a deadline for filing all evidentiary materials in support of or in opposition to the motion for summary judgment. Otte did not file anything in response to the motion for summary judg-

ment. She claimed that she had the right to wait until a date had been set by the trial court before filing any response to the motion for summary judgment.

Otte's position is based on Ind.R.Tr.P. 56(C) which reads, in part, as follows: "The motion shall be served at least ten (10) days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits." Otte claims that she could sit and do nothing about the summary judgment motion until the trial court set a date for the hearing. Judge Hoffman, writing for the majority, found that: "Fairness and orderly procedure dictate then that in absence of an oral hearing there must be reasonable notice to the parties of a certain date beyond which the court will not permit additional evidentiary material in support of or opposition to the motion. Due to the failure of the trial court to follow this prescribed procedure it committed error." 412 N.E.2d at 1227. But the Court of Appeals also said that since four and one-half months had passed since the filing of the motion, and no response had been filed by Otte, the trial court was justified in entering summary judgment, particularly since appellant had failed to demonstrate prejudice from the court's premature entry of judgment. Once again, as in *Collins, supra,* the Court of Appeals said that even though the trial judge violated the provisions of Ind.R.Tr.P. 56(C) it was harmless error unless the complaining party could show that there was actual prejudice.

We feel that a sounder position on this issue was expressed by Judge Staton in his dissenting opinion to *Otte.* Judge Staton stated in his dissenting opinion:

"... [P]rejudice is presumed on appeal where a trial court fails to follow the mandate of Trial Rule 56 which provides that the trial court fix a time for a hearing on the motion for summary judgment before ruling upon the motion. The fixing of time for a hearing is the cornerstone which supports the equitable operation of Trial Rule 56. It is the notice to

the parties that motions to publish depositions must be filed and granted by the trial court before the time fixed if the depositions are to be considered by the trial court. *Augustine et al. v. First Federal Savings and Loan et al.* (1979) Ind., 384 N.E.2d 1018. It is notice to the parties that they must ask for an extension of time if they are contemplating the taking of a deposition which they wish the trial court to consider. If no time is fixed by the trial court, and it renders summary judgment, a party may find that the avenue to further discovery has been closed and that the showing of prejudice is now impossible."

412 N.E.2d at 1231.

Trial rule 56 provides in (D): "It shall thereupon make an order specifying the facts that appear without substantial controversy including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." And in (E): "The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, further affidavits, or within the discretion of the judge, testimony of witnesses."

Rule 56 sets the course for the trial courts to follow where it is appropriate to dispose of matters that come under its definition. It is clear and explicit in its language. We agree with the petitioners that the parties had a right to feel the trial court would follow the procedure spelled out in Ind.R.Tr.P. 56(C). We again adopt the language of Judge Staton in his well-reasoned dissent in *Otte* as follows: "If the failure to obey the clear explicit dictates of the Indiana Rules of Procedure can be simply dismissed as harmless error, then, the erosion of an orderly judicial system has begun. If the clear, explicit meaning of the Indiana Rules of Procedure can be re-written by judicial opinion to avoid the consequence of a violation, then, the shroud of confusion will prevent any meaningful, just and predictable

solution to those disputes which must be resolved in our courts." 412 N.E.2d at 1232.

Transfer is granted, and the opinion of the Court of Appeals in *Commissioner, Indiana State Highway Department v. Collins* is vacated. This case is remanded to the trial court with instructions to set a time for a hearing on the motion for summary judgment pursuant to Ind.R.Tr.P. 56(C).

Transfer is granted, and the opinion of the Court of Appeals in *Otte v. Tessman* is vacated. This case is remanded to the trial court with instructions to set a time for a hearing on the motion for summary judgment pursuant to Ind.R.Tr.P. 56(C).

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.