MIDWEST NATURAL GAS CORPORA-
TION, Appellant (Defendant Below),

The Seymour National Bank, Administra-
trix of the Estate of Samuel Sellers,
Shirley Sellers and Barbara Sellers, Ap-
pellants (Plaintiffs Below),

v.

LOCKE STOVE COMPANY, INC.,
Appellee (Defendant Below).

No. 4–981A114.

Court of Appeals of Indiana,
Fourth District.

May 20, 1982.

Emerson Boyd, Locke, Reynolds, Boyd &
Weisell, Indianapolis, John M. Mayer, Jr.,
Hanger, Engebretson & Mayer, Clarksville,
for appellant Midwest Natural Gas Corp.

Roger L. Pardieck, Montgomery, Elsner & Pardieck, Seymour, for appellant The Seymour National Bank, et al.

Raymond O. Harmon, Boehl, Stopher, Graves & Diendoerfer, Louisville, Ky., Ernest W. Smith, Fox & Smith, Jeffersonville, for appellee Locke Stove Co., Inc.

YOUNG, Judge.

The personal representative of Samuel Sellers' estate, Sellers' wife, brother and sister-in-law and Midwest Natural Gas Corporation appeal the granting of summary judgment in favor of Locke Stove Company, Inc. The Sellers contend that the trial judge erred (1) in not fixing a time for a hearing on Locke's motion for summary judgment and (2) in determining that there were no genuine issues of material fact. Midwest contends that the trial judge erred in entering summary judgment in favor of Locke on Midwest's cross-claim against Locke and plaintiffs' complaint because the judgment precluded Midwest from recovering indemnity from Locke, in the event Midwest would be held liable for an act, omission, or breach of warranty of Locke. Midwest alleges the trial judge committed reversible error in concluding that a genuine issue of material fact did not exist.

We reverse in part and affirm in part.

In September and October 1970, Midwest converted the Sellers' residence from oil to gas service by installing gas service pipes both above and below the meter. In the process of this conversion, the Sellers purchased a gas-fired space heater manufactured by Locke and sold and installed by Midwest. On December 19, 1970, Sam Sellers was killed and Charles Sellers was injured by an explosion which occurred when Sam walked over to the heater and reached for the knobs on the back of the heater to lower the heat. The plaintiffs filed suit against Midwest alleging negligence in the installation and control of the gas pipes, as well as negligence in the inspection, installation and maintenance of the gas heater. The claim filed against Locke alleged negli-

gence in the construction of and design of the heater which centered around defects in the thermostat and safety shut-off valve. Midwest filed a cross-claim against Locke for indemnity in the event Midwest was found liable. Locke filed a motion for summary judgment on the complaint and cross-claim and a motion to publish the depositions of Charles Sellers, Shirley Sellers, Barbara Sellers and Stratton O. Hammon. The court, without setting a time for a hearing, entered summary judgment in favor of Locke on the complaint and cross-claim.

■ Insofar as the Sellers are concerned, the failure of the trial judge to set a time for a hearing on Locke's motion for summary judgment is reversible error. *Otte v. Tessman*, (1981) Ind., 426 N.E.2d 660. In *Otte*, our Supreme Court stated:

... [P]rejudice is presumed on appeal where a trial court fails to follow the mandate of Trial Rule 56 which provides that the trial court fix a time for a hearing on the motion for summary judgment before ruling upon the motion. The fixing of time for a hearing is the cornerstone which supports the equitable operation of Trial Rule 56. It is the notice to the parties that motions to publish depositions must be filed and granted by the trial court before the time fixed if the depositions are to be considered by the trial court. *Augustine et al. v. First Federal Savings and Loan et al.* (1979) Ind., 384 N.E.2d 1018. It is notice to the parties that they must ask for an extension of time if they are contemplating the taking of a deposition which they wish the trial court to consider. If no time is fixed by the trial court, and it renders summary judgment, a party may find that the avenue to further discovery has been closed and that the showing of prejudice is now impossible.

*Otte, supra* at 661 (adopting Judge Staton's language at 412 N.E.2d 1231).

Locke argues that no error can be raised because local rules [1] require a party to request a hearing on a motion, which plain-

---

1. Clark Circuit Court Local Rule 11(D) provides:

All motions shall be considered as sub-

tiffs failed to do. This local rule is inconsistent with T.R. 56(C) as interpreted by our Supreme Court's holding in *Otte, supra.* Under Trial Rule 81, local courts cannot have rules inconsistent with the Ind. Rules of Procedure. Because the trial court failed to follow the T.R. 56(C) mandate to set a time for hearing on the motion for summary judgment before ruling on it, we reverse the summary judgment on plaintiffs' complaint and remand for the court to set a time for a hearing.

However, Midwest raised no such objection in its motion to correct errors nor does it argue the matter in its appellant's brief.[2] Therefore, any error on this issue has not been preserved by Midwest.

■ Because Midwest waived any error in the court failing to set a time for a hearing, we must consider Midwest's contention that summary judgment on its cross-claim and plaintiffs' complaint was improper because there were genuine issues of material fact. Summary judgment is proper only where the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits and testimony, disclose that no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. *Whipple v. Dickey,* (1980) Ind.App., 401 N.E.2d 787. To be considered genuine for summary judgment purposes, a material issue of fact must be established by sufficient evidence supporting the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial. *Stuteville v. Downing,* (1979) Ind.App., 391 N.E.2d 629.

In making this determination, the facts established by the party opposing the motion must be taken as true and all doubts must be resolved against the proponent. *Boswell v. Lyon,* (1980) Ind.App., 401 N.E.2d 735.

■ Midwest argued to the trial court that it had a right to indemnity from Locke; however, it failed to point out any contract or agreement between Midwest and Locke which would support that position. Midwest would not be entitled to be indemnified for its own negligence in the absence of a contract to that effect. *Indiana State Highway Commission v. Thomas,* (1976) 169 Ind.App. 13, 346 N.E.2d 252.

Midwest seems to claim that the "original package" doctrine applies under *McClish v. Niagra Machine & Tool Works,* (1967 S.D. Ind.) 266 F.Supp. 987. In *McClish, supra* the court noted that the supplier of a defective product which does harm to the ultimate purchaser or user is liable to indemnify the merchant who stocks and sells it as received. The right of indemnity is destroyed if the merchant knew or should have known of a defect before reselling the product. 266 F.Supp. at 990.

■ Midwest presented no facts to the trial judge to establish a defect in the product at the time Midwest received it which caused the accident. Neither do any of the other materials presented by the plaintiffs, taken as true, establish that a defect which ultimately caused the accident existed in the heater when Midwest received it.[3] Nothing established a factual dispute requiring a jury to resolve different versions of the truth. The only version was that it

mitted for ruling without oral argument unless a request for oral argument shall be made by a separate motion filed and served with the pleading or motion to be argued or within the periods specified in Local Rules 11(A) and (B). If the pleading or motion to be argued is not required by these rules to be accompanied by a separate supporting brief, the separate motion for oral argument shall be accompanied by a separate supporting memorandum containing a clear statement of all issues to be argued and the citation of all authorities relied upon in support of each issue. Oral argument shall not be granted except in the Court's discretion. The Court may on its own motion order oral argument.

2. Midwest does argue this issue in its reply brief. However, issues not argued in its appellant's brief are waived and may not be raised for the first time in the reply brief. A.R. 8.3(A)(7); *Saloom v. Holder,* (1974) 158 Ind. App. 177, 307 N.E.2d 890.

3. Midwest argues that Hammon's testimony that the explosion was caused by either a gas leak in the pipes or the heater creates a genuine issue of material fact. The cross-claim issue does not turn on this point. Viewing all the evidence and pleadings before the trial judge, he properly found no genuine issue of material fact regarding any defect in the heater causally related to the accident existing at the time it

could have been the pipe or it could have been the heater, but not that it was one rather than the other or that a problem existed in the heater when Midwest received it. Thus, summary judgment for Locke was proper on the cross-claim.

■ Midwest also alleges error in the court's entry of summary judgment for Locke on plaintiffs' complaint. Because the trial court properly entered summary judgment on the cross-claim, Midwest could not be indemnified in any event. Thus, the court's ruling on the complaint was harmless error, if error at all, as it related to Midwest's right to indemnity. We need not address Midwest's argument concerning the merits of the entry of the summary judgment on the complaint because it has been reversed on procedural grounds.

We affirm the summary judgment for Locke and against Midwest on its cross-claim and reverse the judgment in favor of Locke and against the Sellers remanding for further proceedings consistent with this opinion.

MILLER, P. J., and CONOVER, J., concur.

was received by Midwest. Plaintiffs' expert, Hammon, testified he could not determine the cause of the explosion. He expressed no opinion supportive of any of the claims of Midwest against Locke. Rather, he discussed possible causes which were insufficient to raise any genuine issue of material fact on the cross-claim.