## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 18 2016, 8:26 am

CLERK
of the supreme court,
court of appeals and
tax court

---

| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
|---|---|
| Jesse Clements | Pamela G. Schneeman |
| Indianapolis, Indiana | Office of Corporation Counsel |
| | Indianapolis, Indiana |

---

I N  T H E
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Jesse Clements, | February 18, 2016 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 49A02-1507-MI-886 |
| v. | Appeal from the Marion Superior Court |
| The Honorable Robert R. Altice, | The Honorable David J. Dreyer, Judge |
| *Appellee-Defendant* | Trial Court Cause No. 49D10-1312-MI-45123 |

---

**Mathias, Judge.**

[1] Jesse Clements ("Clements") appeals pro se the Marion Superior Court's entry of summary judgment in favor of the Honorable Robert Altice ("Judge Altice")

concerning his claim that Judge Altice violated Indiana's Access to Public Records Act.

[2] Concluding that the trial court erred when it entered summary judgment without holding a hearing as required by Trial Rule 56, we reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

[3] Judge Altice presided over certain proceedings in *Jesse Clements v. Ralph Albers* while he was a trial judge in the Marion Superior Court.[1] Hearings were held in that case on August 7 and September 23, 2013. Prior to September 27, 2013, Clements paid the required $25 fee[2] and received a compact disc of an audio recording of the August 7 hearing. However, Clements could not access the recording because the audio file on the compact disc provided by the court reporter was a proprietary file type of the court reporting software used in the courtroom and was incompatible with his computer, a consumer-grade PC.

[4] Prior to September 27, 2013, Clements requested an audio recording of the September 23, 2013 hearing. Clements was informed that the audio recording could not be copied onto one compact disc, and the charge would be $50 since two compact discs were needed to provide a recording of the hearing.

---

[1] Judge Altice was appointed to the Court of Appeals of Indiana on September 2, 2015.

[2] Marion County Local Rule 49-AR15-307(B)(11) allows a court reporter to charge a maximum $25 fee for preparing a compact disc recording of a proceeding.

On September 27, 2013, Clements filed a written records request with Judge Altice and requested that the requested audio recordings be made available to him "in a format that is well established and can be used across both Mac and PC formats like Windows Media Player." Appellant's App. p. 77. Clements also alleged that Judge Altice violated the Indiana Access to Public Records Act by charging him $50 for the recording of the September 23 hearing. Clements argued that the court could only charge him $25 for the recording.

On October 3, 2013, Judge Altice granted Clements' request for copies of the audio recordings of the August 7 and September 23 hearings, subject to the following:

> The Court will provide said Compact Discs to Mr. Clements in the format he requests.
>
> IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Jesse Clements is entitled to receive a copy of the audio recording upon strict compliance with the following requirements:
>
> 1. Jesse Clements shall remit payment in the amount of twenty-five ($25.00) per CD to the court reporter in exchange for an audio recording duplicate on compact disc. Mr. Clements has already paid $25 for the August 7, 2013 audio recording duplicate and thus will only have to remit payment for the September 23, 2013 audio recording duplicate.
>
> 2. Jesse Clements shall not be entitled to receive the disc and payment shall not be accepted until and unless Jesse Clements executes and returns to the Court the formal *Acknowledgment* accompanying this Order.

> 3. Once Jesse Clements executes the *Acknowledgment* and receives the audio recording copy, he shall be subject to the use restrictions described in the *Acknowledgment* and is hereby barred from broadcasting, reproducing, copying or transferring the audio recording in any media; and further he shall not add, delete or alter the audio recording in any way.

Appellant's App. pp. 81-82.

[7] The Acknowledgment required Clements to comply with Indiana Judicial Conduct Rule 2.17, which prohibits broadcasting court proceedings. The Acknowledgment also stated that Clements would agree not to "broadcast said recording in any media whatsoever, and that [he] will not add, delete or alter said recording in any way . . . or reproduce, copy or transfer the audio recording in any way or to any other person or entity." *Id*. at 83.

[8] Clements did not sign the Acknowledgment or pay $50 to obtain the two-compact disc recording of the September 23 hearing. Instead, he filed a complaint with the Indiana Public Access Counselor. On November 5, 2013, the Public Access Counselor issued an advisory opinion concluding that Judge Altice did not violate the Access to Public Records Act.

[9] In December 2013, Clements made an oral request to inspect the audio files of a hearing held on November 12, 2013, and several other records including Judge Altice's bond and oath. He also requested documentation of payments "for each audio recording provided to any person or agency of a Superior Court 5 hearing since January 1, 2013." *Id*. at 58. Clements alleged that he never received a response to this request.

[10] On December 18, 2013, Clements filed pro se a complaint against Judge Altice initiating these proceedings. The complaint alleges that Judge Altice failed to or refused to provide Clements with public records to which he is legally entitled under the Indiana Access to Public Records Act. Clements also filed a second complaint with the Public Access Counselor concerning his December 2013 oral request to inspect the audio file of the November 12, 2013 hearing and other documents. The Public Access Counselor stated he was "prohibited by law from issuing an opinion in this matter" because the December public records request is at issue in Clements' lawsuit filed against Judge Altice. *Id*. at 89.

[11] Judge Altice filed a motion for summary judgment on February 27, 2015. In support of his motion, Judge Altice designated as evidence Clements' amended complaint and the exhibits attached thereto. On March 30, 2015, Clements filed a timely response and a request for a hearing on Judge Altice's motion for summary judgment. On April 2, 2015, the trial court granted Judge Altice's motion for summary judgment without holding the requested hearing. Clements filed a motion to correct error, which was also denied. Clements now appeals.

## Discussion and Decision

[12] First, we observe that Clements is proceeding pro se. It is well settled that pro se litigants are held to the same standard as trained counsel. *Ballaban v. Bloomington Jewish Cmty., Inc.*, 982 N.E.2d 329, 334 (Ind. Ct. App. 2013). In his pleadings and motions filed in the trial court, and in his briefs filed in this

appeal, Clements makes reprehensible ad hominem attacks on Judge Altice's character and legal acumen. We strongly admonish Clements that such offensive language has no place in legal proceedings of any sort at any time and that pleadings containing such attacks are subject to being stricken in their entireties.

[13] Clements raises four issues in this appeal, but the following claim is dispositive:[3] whether the trial court erred when it granted Judge Altice's motion for summary judgment without holding a hearing. Clements filed a timely response to Judge Altice's motion and simultaneously requested a hearing on the motion. Appellant's App. p. 8.

[14] Indiana Trial Rule 56 (C) provides that a party responding to a motion for summary judgment

> shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits. The court may conduct a hearing on the motion. However, upon motion of any party made no later than ten (10) days after the response was filed or was due, the court *shall* conduct a hearing on the motion which

---

[3] Clements also argues that Judge Altice's motion for summary judgment was a "procedural nullity." Appellant's Br. p. 14. Specifically, Judge Altice was given an extension of time to file his motion until February 11, 2015. On that date, Judge Altice filed a second motion for an extension of time. However, Judge Timothy Oakes recused from the case prior to February 11, and after several judges were appointed but also recused, Judge David Dreyer was finally appointed as a special judge on March 30, 2015. See Appellant's App. pp. 6-7. Judge Altice filed his motion for summary judgment on February 27, even though the court had not ruled on his motion for extension of time. However, Clements timely filed his response and has not established any error or prejudice because Judge Altice's motion for summary judgment was filed while the motion for extension of time was pending.

> shall be held not less than ten (10) days after the time for filing
> the response.

Emphasis added.

[15] The Marion County Local Rules also provide that oral argument requested on a motion for summary judgment "*shall* be set for hearing upon request of any party." Marion County LR49-TR5-203(C) (emphasis added).

[16] Trial Rule 56(C) unambiguously requires the trial court to hold a hearing when a party makes a timely request. Clements made a timely request for a hearing on Judge Altice's motion for summary judgment. Therefore, the trial court erred when it ignored the mandate of Trial Rule 56(C) and its own local court rules.[4] *See also Otte v. Tessman*, 426 N.E.2d 660, 661 (Ind. 1981) (stating "[p]rejudice is presumed on appeal where a trial court fails to follow the mandate of Trial Rule 56 . . ."). We therefore reverse the trial court's entry of summary judgment and remand for a hearing.

[17] Reversed and remanded for proceedings consistent with this opinion.

Kirsch, J., and Brown, J., concur.

---

[4] Clements is well aware that he is entitled to a hearing under Trial Rule 56(C) if the request is filed within the rules time limits. See *Clements v. Curry*, 13 N.E.3d 557, 2014 WL 2202724 (Ind. Ct. App. May 28, 2014).